1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

JULIE P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C21-5750-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

13    Plaintiff Julie P. seeks review of the denial of her application for Disability Insurance

14 Benefits. She contends the ALJ improperly rejected the lay witness statements of plaintiff's

15 husband, improperly rejected plaintiff's testimony, and assessed an RFC that omitted limitations

16 caused by her multiple sclerosis. Dkt. 8. The Court **AFFIRMS** the Commissioner's final

17 decision and **DISMISSES** the case with prejudice.

18                                 **BACKGROUND**

19    Plaintiff is currently 58 years old; she was 44 years old on her alleged onset date and 49

20 years old on her date last insured. Tr. 1491. Plaintiff has at least a high school education and has

21 worked as receptionist, data entry clerk, and secretary. Tr. 1490. In November 2015, she applied

22 for benefits, alleging disability as of February 28, 2008. Tr. 152-54. Her application was twice

23 denied after hearings conducted by ALJ Mauer in decisions dated November 2017 and February

1  2020; this Court reversed each of those decisions and remanded for further administrative

2  proceedings. Tr. 15, 971, 1050, 1549. ALJ Johnson (hereinafter "the ALJ") conducted a third

3  hearing on July 20, 2021, and, on August 3, 2021, issued a third unfavorable decision. Tr. 1472-

4  99. This appeal follows.

5  **THE ALJ'S DECISION**

6       Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff did not

7  engage in substantial gainful activity from her alleged onset date of February 28, 2008, through

8  her date last insured of September 30, 2013; she had the following medically determinable

9  severe impairments: multiple sclerosis and optic neuritis; and these impairments did not meet or

10 equal the requirements of a listed impairment. Tr. 1477-80. The ALJ found that plaintiff had the

11 residual functional capacity to perform light work that does not require standing or walking for

12 more than two hours total in a workday; that does not require more than occasional stooping,

13 kneeling, crouching, crawling, or climbing; that does not require more than occasional visual

14 accommodation; that does not require more than occasional exposure to hazards; and that does

15 not require exposure to extreme heat. Tr. 1480-81. The ALJ found that through the date last

16 insured, plaintiff could perform her past relevant work as a receptionist, data entry clerk, and

17 secretary, and, in the alternative, that plaintiff was able to perform other work that existed in

18 significant numbers in the national economy. Tr. 1490-92. The ALJ therefore found that plaintiff

19 was not disabled through September 30, 2013, the date last insured. Tr. 1493.

20 **DISCUSSION**

21      The Court will reverse the ALJ's decision only if it was not supported by substantial

22 evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

23

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 2

1    *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

2    of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one

3    rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v.*

4    *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

5          Plaintiff has failed to demonstrate that the ALJ's evaluation of the lay witness evidence,

6    plaintiff's testimony, or the RFC was unsupported by substantial evidence, constituted a harmful

7    application of the wrong legal standard, or was unreasonable.

8          **A.     Lay witness evidence**

9          Plaintiff argues that the ALJ did not provide valid reasons for discounting the lay witness

10   evidence from her husband, Richard P. Dkt. 8 at 3. Lay testimony as to a claimant's symptoms is

11   competent evidence that the ALJ must account for, unless the ALJ expressly determines to

12   disregard such testimony and gives specific reasons germane to the witness for doing so. *See*

13   *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

14         Mr. P. provided two lay witness statements. In a January 2016 function report, he stated

15   that plaintiff got fatigued very easily and it was hard for her to see and to keep focused on tasks.

16   Tr. 180. She did light housework for no more than 15 minutes at a time throughout the day, she

17   had no problems with personal care, she could prepare simple meals and could do light

18   housework and laundry with frequent breaks, but yardwork was too much on her body. Tr. 181-

19   83. She did not drive because she could not see signs or stay focused, she could go shopping and

20   manage money but needed reminders to pay bills, and she socialized regularly with family, but

21   due to fatigue was unable to visit her grandchildren at their homes. Tr. 183-85. She could walk

22   only a block at a time due to fatigue, was unable to climb multiple sets of stairs without resting,

23   and was unable to see items clearly and stay on task. Tr. 185. She had no problems getting along

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 3

with authority figures but got stressed over the slightest issues, did not like changes to her routine, and was prone to forget things. Tr. 186. She used a cane at the suggestion of her doctor. *Id.*

In the November 2017 decision, ALJ Mauer found that Mr. P.'s January 2016 statement that plaintiff was unable to work due to fatigue and lack of focus was inconsistent with other statements in his function report, with the medical record, and with the opinion of reviewing doctor James Irwin, M.D., and therefore gave the report little weight. Tr. 23. In the July 2019 order reversing that decision, this Court found error in ALJ Mauer's assessment of plaintiff's testimony and reversed on that basis. Tr. 1058. The Court also noted that the Commissioner had conceded that some of ALJ Mauer's reasoning for discounting Mr. P.'s statement was erroneous and therefore directed ALJ Mauer to reconsider the statement on that basis. *Id.*

Mr. P. submitted a second declaration in January 2020. He stated that he had lived with plaintiff since 2007, except for a four-month deployment in 2008. Tr. 1177. He stated that his report in January 2016 that plaintiff got fatigued very easily and it was hard for her to stay focused on tasks had been true since at least 2009, and had worsened to the point of interfering with her ability to get things done in the 2009-2010 period. *Id.* She needed a nap practically every afternoon that lasted from 30 minutes to 2 hours, and if she was unable to nap, she couldn't stay on task. *Id.* He stated that his statement in 2016 that plaintiff could do light housework for only 15 minutes at a time and that he helped with household chores and pets was true in 2009. *Id.*

Mr. P. stated that plaintiff no longer drove and that this was a gradual loss; by 2013 she was hardly ever driving, which he knew because he drove her to and from work when she made a work attempt in 2013. *Id.* She attempted to work at a clerk job at the same workplace as Mr. P., but even with accommodations for her MS symptoms, she did not get beyond the four-week

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 4

probationary period because she could not consistently perform the job tasks, which included filing and data entry. She called in sick about one day per week because she did not have the energy to go in. *Id.*

Mr. P. stated that plaintiff could not stay focused on her activities, which included sewing, playing games, or watching TV, and she needed rest periods and help, such as help threading a needle. *Id.* at 1177-78. For the most part she watched TV and rested, and this was true since before her date last insured. *Id.* at 1178. He stated that the reason she could not work was because she did not have the stamina and focus to complete tasks 8 hours a day, and this was true since her MS diagnosis in 2008. *Id.* He stated that although plaintiff stopped working before her MS diagnosis in 2008 because of the long commute, that was not why she stopped working in 2013, as he drove her to work, and it was only 22 miles. *Id.* He stated that she stopped working in 2013 because she could not sustain the tasks due to her MS and was calling in sick too often. *Id.*

In the February 2020 decision, ALJ Mauer considered both statements from Mr. P. and gave them little weight. Tr. 984-85. With respect to the January 2016 function report, ALJ Mauer found that it was internally inconsistent, that his statements regarding the severity of plaintiff's fatigue were not consistent with treatment notes from the relevant period showing that she regularly denied fatigue during visits, and his statements regarding her visual difficulties were not consistent with examinations showing her visual acuity and peripheral vision within normal limits. Tr. 984. With respect to the January 2020 declaration, ALJ Mauer found that Mr. P. questioned his wife's ability to be a reliable witness regarding her functioning during the relevant period. Tr. 985. ALJ Mauer also found that while Mr. P. made several statements about plaintiff's functioning during the relevant period, plaintiff had the opportunity to submit a written

1    statement from him at any time before the January 2020 declaration. *Id.* And ALJ Mauer found

2    Mr. P.'s statements to be grossly inconsistent with the objective medical evidence through the

3    date last insured, and that there was no medical evidence from the relevant period to show that

4    plaintiff experienced debilitating fatigue, decreased memory, or visual limitations to preclude

5    work. *Id.*

6            In the November 2020 decision reversing ALJ Mauer's February 2020 decision, this

7    Court found that ALJ Mauer gave a valid reason to discount Mr. P.'s testimony about the

8    severity of plaintiff's fatigue symptoms. Tr. 1552-53. However, this Court found that ALJ

9    Mauer's finding that Mr. P.'s 2016 statements about plaintiff's other limitations were internally

10   inconsistent was unsupported by substantial evidence and that ALJ Mauer erred in rejecting

11   those statements. Tr. 1553-54. This Court also found that ALJ Mauer's decision to discount Mr.

12   P.'s January 2020 declaration on the basis that he did not submit it sooner was not a rational

13   basis for rejecting the statement. Tr. 1554. And this Court found that substantial evidence did not

14   support ALJ Mauer's finding that there was no medical evidence to show that plaintiff had

15   decreased memory as Mr. P. stated. *Id.* This Court remanded the case with instructions to

16   reevaluate Mr. P.'s testimony about plaintiff's mental limitations. Tr. 1555. This Court also

17   found in that decision that ALJ Mauer had relied on a clear and convincing reason to discount

18   plaintiff's testimony and therefore affirmed that finding. Tr. 1552.

19           In the August 2021 decision at issue in this case, the ALJ found that Mr. P.'s statements

20   did not convince him that plaintiff's RFC should be different than what the ALJ had found based

21   on the medical evidence through the date last insured. Tr. 1487. With respect to Mr. P.'s January

22   2016 report, the ALJ found that his statements were not consistent, noting that Mr. P. stated

23   plaintiff was easily fatigued and unable to maintain focus, but he also stated that she could

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 6

1    manage self-care, take care of pets, prepare meals, perform light housework, shop, maintain

2    attention for 30 minutes, and generally finish what she started. *Id.* The ALJ also found Mr. P.'s

3    statements about the severity of plaintiff's fatigue to be inconsistent with treatment notes from

4    the relevant period and his statements about her visual difficulties to be inconsistent with

5    examinations showing her visual acuity and peripheral vision within normal limits. *Id.*

6        The ALJ also found that Mr. P.'s allegations of plaintiff's difficulties with memory,

7    following instructions, and completing tasks were inconsistent with a general lack of such reports

8    or observations during the relevant period, including claimant's denial of memory problems in

9    July 2012 and normal results on memory testing in May 2013 and even June 2015, after her date

10   last insured. Tr. 1487. The ALJ noted that memory issues were noted in March and April 2016,

11   which the ALJ found to indicate that Mr. P.'s assertions were related to her condition at the time

12   he made his statement. *Id.*

13       The ALJ found that Mr. P.'s assertions were inconsistent with treatment notes from 2012

14   and 2013, which included plaintiff's reports of "good general overall feeling," no reports of

15   symptoms such as fatigue or decreased functional ability, reports of stability in her symptoms

16   since 2008 but increased symptoms over the prior 4 to 5 months, and an MRI finding of one new

17   lesion but no clinical evidence of relapse. Tr. 1488.

18       And the ALJ found that Mr. P.'s 2016 statement reflected plaintiff's condition at the time

19   he gave the statement, as the medical record reflected worsening in 2015 and 2016, but the

20   degree of limitation Mr. P. reported was inconsistent with treatment notes and plaintiff's reports

21   during the relevant period. Tr. 1488. The ALJ found that although Mr. P. stated that his reports

22   were true since 2009, this was inconsistent with the medical record, as the ALJ had previously

23   discussed. Tr. 1488. And the ALJ found Mr. P.'s report that yard work was too much for

1   plaintiff's body was inconsistent with plaintiff's report at that time that she gardened and that she

2   did so in 2013 as well. TR. 1488.

3        The ALJ concluded that overall, Mr. P.'s statements were not persuasive considering the

4   record as a whole and gave them little weight. Tr. 1488.

5        Plaintiff argues that the ALJ repeated the errors this Court found in its November 2020

6   decision. Dkt. 8 at 6. She asserts the ALJ's finding that Mr. P.'s statements were internally

7   inconsistent and were unsupported by the medical evidence repeated, almost word-for-word, the

8   findings by ALJ Mauer that this Court concluded were erroneous. Dkt. 8 at 6. She argues that

9   this violates the law of the case doctrine and the rule of the mandate. Dkt. 8 at 6-8.

10       Plaintiff's argument, however, fails to address the fact that this Court affirmed the ALJ's

11  finding that Mr. P's statements about plaintiff's fatigue were not supported by treatment notes

12  from the relevant period showing that she regularly denied experiencing fatigue or feeling tired

13  during visits. Tr. 1552-53. Thus, the law of the case is that the ALJ validly discounted Mr. P.'s

14  statements about plaintiff's fatigue. The ALJ's rejection of these statements in the November

15  2021 decision thus comports with this Court's previous ruling and the Court will not disturb this

16  finding.

17       However, the Court also found that the ALJ erred in rejecting other limitations described

18  by Mr. P. The Court directed the ALJ on remand to consider Mr. P.'s statements about plaintiff's

19  other mental limitations. Tr. 1555. Thus, the Court will review the ALJ's reasons for rejecting

20  Mr. P.'s statements about limitations other than fatigue.

21       The ALJ found that Mr. P.'s statements in his January 2016 report were inconsistent,

22  noting that he stated that plaintiff was unable to maintain focus on tasks but also stated that she

23  could manage self-care, take care of pets, prepare meals, perform light housework, and shop, and

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 8

1   that she could maintain attention for 30 minutes and generally finish what she started. Tr. 1487.

2   Plaintiff is correct in her assertion that this is the same erroneous reason this Court previously

3   found unsupported by substantial evidence. Dkt. 8 at 6. As this Court previously found, these

4   statements are not internally inconsistent, but rather consistent with Mr. P.'s statement that

5   plaintiff could perform certain daily functions but in a more limited way than assessed by the

6   ALJ. Tr. 1553-54. This was, and continues to be, an invalid reason to reject Mr. P.'s statement.

7   However, the ALJ gave other, valid reasons, rendering this error harmless. *See Molina v. Astrue*,

8   674 F.3d 1104, 1122 (9th Cir. 2012) (error is harmless where it is inconsequential to the ALJ's

9   ultimate nondisability determination).

10          The ALJ found that Mr. P.'s reports of plaintiff's visual difficulties were inconsistent

11   with examinations showing her visual acuity and peripheral vision within normal limits. Tr.

12   1487. Previously in the decision, the ALJ found that the medical evidence showed a rapid

13   improvement in plaintiff's vision after her 2008 diagnosis of optic neuritis, with her symptoms

14   waxing and waning throughout the relevant period. Tr. 1485. The ALJ further found that the

15   medical evidence showed that her visual acuity and peripheral vision were within normal limits,

16   as her left eye visual acuity stabilized to 20/50 with no visual field deficits. *Id.* This evidence

17   undermines Mr. P.'s statements that it was hard for plaintiff to see and that one reason she did

18   not drive was because she could not see signs. This was a valid reason to discount Mr. P.'s

19   statements about plaintiff's visual limitations.

20          The ALJ found that Mr. P.'s reports of plaintiff's difficulty with memory, following

21   instructions, and completing tasks were inconsistent with a general lack of such reports or

22   observations during the relevant period. Tr. 1487. The ALJ noted that plaintiff denied memory

23   problems in July 2012 and that while plaintiff reported memory problems in May 2013, testing at

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 9

that time showed full registration and recall. Tr. 1487. And the ALJ noted that in June 2015, after the date last insured, memory testing was normal. Tr. 1488. The ALJ found that the notation of memory issues in March and April 2016 indicated that Mr. P.'s reports were related to plaintiff's condition at the time he made them, but his statements were inconsistent with records from the relevant period. Tr. 1488.

Plaintiff argues that the ALJ's reference to her May 2013 report of memory problems is an internal inconsistency that weakens the ALJ's finding. Dkt. 8 at 8. But the ALJ found there was a general lack of such reports in the record, not that there were no such reports. Moreover, as the ALJ noted, at that visit she reported "difficulty following directions, or with thinking or memory," but a mental status exam found registration at 3/3 and recall at 1 minute at 3/3. Tr. 645-46. The existence of one report of memory difficulties, in an examination that included normal findings in an assessment of her memory, does not in and of itself undermine this finding.

Plaintiff also asserts that the ALJ "cherry-picked" the record to find instances where she was not experiencing memory problems. Dkt. 8 at 8-9. But this assertion assumes that there are other records documenting memory problems that the ALJ ignored. In addition to the normal memory findings in May 2013, the ALJ also referred to a July 2012 examination where plaintiff reported "no memory lapses or loss" (Tr. 538) and a June 2015 examination where a mental status exam found registration at 3/3 and recall at 5 minutes at 3/3 (Tr. 378). Plaintiff points to no other medical records or assessments from the relevant period addressing memory issues that the ALJ failed to account for, and the Court has found none. There is nothing to support her claim that the ALJ "cherry-picked" the evidence rather than that there was a lack of evidence or contemporaneous reports of memory problems during the relevant period.

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 10

1    Plaintiff also points to the treatment note from April 2016 where her neurologist noted

2    difficulty with attention, focus, and memory, arguing that because the doctor stated that plaintiff

3    had "no new symptoms," the ALJ's finding that her memory problems did not exist before 2013

4    is unsupported. Dkt. 8 at 9-10. Although it is plausible to interpret this note as indicating that her

5    symptoms existed as far back as 2013, the ALJ was not required to find that this notation

6    established the existence of memory problems three years before this visit. The ALJ could

7    rationally conclude that this treatment note from April 2016 was not sufficient to support Mr.

8    P.'s statement that her memory problems existed since 2009. Because this interpretation was

9    rational, this Court cannot disturb it. *Thomas*, 278 F.3d at 954.

10    The ALJ also found that Mr. P.'s assertions were inconsistent with treatment notes from

11    2012 and 2013, where plaintiff repeatedly reported "good general overall feeling" and no fatigue

12    or decreased functional ability. Tr. 1488. The ALJ also noted a lack of neurological findings in

13    this period, although gait abnormality and muscle aches associated with MS were noted. Tr.

14    1488. And the ALJ noted that plaintiff reported worsening symptoms in the 4 to 6 months

15    leading up to April and May 2013 visits, but she continued to report "good general overall

16    feeling," no fatigue, and no decreased functional ability. Tr. 1488.

17    Plaintiff asserts that the ALJ did not explain how records showing waxing and waning

18    symptoms conflict with Mr. P.'s reports that those symptoms limited plaintiff's activities and

19    ability to focus. Dkt. 8 at 10. Again, plaintiff proffers an alternative interpretation of the evidence

20    that the ALJ was not required to accept. The ALJ rationally found that contemporaneous medical

21    records, including plaintiff's reports that she felt good overall and did not report decreased

22    functioning, were inconsistent with Mr. P.'s reports of debilitating symptoms and functional

23    limitations. This was also a valid reason to discount his statements.

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 11

1    The ALJ gave specific, germane reasons, supported by substantial evidence, to discount

2    Mr. P.'s statements about plaintiff's limitations other than fatigue. Accordingly, the Court

3    affirms the ALJ's decision to discount his lay witness testimony.

4    **B.    Plaintiff's testimony**

5    Plaintiff argues that the ALJ erred in rejecting her testimony about her symptoms and

6    limitations. Dkt. 8 at 13. She asserts that the ALJ improperly rejected her testimony because it

7    lacked foundation in her own recollection and failed to recognize the duty to develop the record

8    in light of her memory problems. Dkt. 8 at 13-14.

9    The ALJ noted that plaintiff testified in 2017 that she was unable to recall specific details

10   or information about her functioning during the relevant period. Tr. 1486. The ALJ also noted

11   that at the 2020 hearing, plaintiff attempted to provide additional details about her functioning

12   during the relevant period; she testified that she spoke with family members to prepare for the

13   hearing and that she did not have independent recollection of her functioning during the relevant

14   period. *Id.* The ALJ found that while the recollections of others can be useful, and hearsay is

15   allowed, plaintiff's assertions about her functioning seven years before the 2020 hearing were

16   inconsistent with evidence created at that time and lacked a foundation in her recollection. Tr.

17   1486-87.

18   Plaintiff argues that because her memory problems are due to her MS, the ALJ was

19   required to take this limitation into account, not "punish" her for it, and that the ALJ's duty to

20   develop the record was triggered in light of this symptom. Dkt 8 at 13-14.

21   When evaluating plaintiff's testimony about her memory problems, the ALJ considered

22   the evidence from the relevant period. Any evidence of memory problems from the time of the

23   hearings was not relevant to establishing her disability before the date last insured. As the Court

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 12

has discussed above, the ALJ considered the normal findings on memory assessments during the relevant periods and the almost complete lack of contemporaneous reports of problems with memory. The ALJ also acknowledged the evidence of plaintiff's memory problems beginning April 2016, three years after the date last insured. The ALJ did not "punish" plaintiff for her memory difficulties, but rather accounted for her present-day memory problems while evaluating her memory during the relevant period based on evidence from that time. This was not error.

Nor was the ALJ required to develop the record because of plaintiff's memory problems at the time of the hearings. The ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the evidence was not ambiguous, nor was the ALJ unable to evaluate the evidence due to an inadequate record. Instead, as noted, the ALJ relied on evidence from the relevant period to evaluate plaintiff's allegations. The was sufficient evidence from this time frame to assess plaintiff's testimony. The ALJ's duty to develop the record was not triggered by plaintiff's testimony about her difficulties remembering her functioning during the relevant period.

In addition, plaintiff's difficulties with memory at the hearings was not the only reason the ALJ gave to discount her testimony, and this Court has previously affirmed those reasons. Tr. 1552. The Court finds no reason to revisit that assessment here. Plaintiff has not shown that the ALJ erred in discounting her testimony.

### C.      Residual functional capacity finding

Plaintiff argues that the ALJ's RFC finding is erroneous because it does not include any limitations related to plaintiff's MS. Dkt. 8 at 12-13. This argument is based on her previous assignments of error, all of which this Court has rejected. A claimant does not establish error at a

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 13

later step by simply restating her arguments that the ALJ improperly discounted certain evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008). The ALJ included in the RFC all the limitations he found to be supported by substantial evidence. Plaintiff cannot establish error in the ALJ's RFC finding by restating the claims this Court has rejected.

## CONCLUSION

The ALJ's decision was free of harmful legal error and supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of June, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE WITH PREJUDICE - 14